UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSE O. GUZMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:13-CV-41 |
| § | |
| HACIENDA RECORDS, L.P., A/K/A § | |
| HACIENDA RANCHITO AND/OR § | |
| DISCOS RANCHITO, *et al.*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND ORDER

Defendant Hacienda[1] obtained a take-nothing judgment after a jury returned a defense verdict on Plaintiff Jose Guzman's state law fraud claim and federal claims for copyright infringement and for tampering with copyright management information in violation of the Digital Millennium Copyright Act. Docket Entry No. 104, 107. Hacienda now seeks attorneys' fees and costs. *See* Docket Entry No. 108.

Successfully defending the fraud claim does not permit a fee award. *See Tony Gullo Motors I, L. P. v. Chapa*, 212 S.W.3d 299, 311–14 (Tex. 2006) (reiterating longstanding principle that attorneys' fees are not recoverable for torts like fraud absent a contract between the parties). Thus, if Hacienda is entitled to

---

[1] The other Defendants in this case—Latin American Entertainment, LLC and Roland Garcia, Sr.—are associated with Hacienda Records. For simplicity, the Court will refer to the Defendants collectively as Hacienda

1

fees, it is for his copyright claim, and the Court would be required to apportion the fees to the extent practicable. The Court need not reach this issue, however, because it ultimately declines to award fees on the copyright claim.

Under the Copyright Act, courts may award "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–35 (1994), the Supreme Court held that attorney's fees should be awarded evenhandedly to both prevailing plaintiffs and defendants in copyright actions." *Virgin Records America, Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008). Although awarding attorney's fees is the "'the rule rather than the exception,'" and "'should be awarded routinely,'" *id.* (quoting *Positive Black Talk v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)), the "recovery of attorney's fees is not automatic." *Id.* (citing *Fogerty*, 510 U.S. at 534). Indeed, "'attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.'" *Id.* (quoting *Fogerty*, 510 U.S. at 534) (alterations omitted). "The Supreme Court listed several non-exclusive factors that a court may consider in exercising its discretion: 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19).

2

"'Objective reasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001) (unpub.). As Judge Rosenthal has stated, "[t]here is a difference between a suit that is 'without merit' and one that is 'patently frivolous.'" *Collins v. Doe*, 2013 WL 2896822, at *6 (S.D. Tex. June 12, 2013) (citing *Positive Black Talk*, 394 F.3d at 382 n.23). Courts therefore tend to deny attorney's fees when the claims, even if ultimately unsuccessful, are neither objectively unreasonable nor frivolous. *Compare, e.g.*, *id.* at 6, 8 (denying attorney's fees when claims "were neither frivolous nor objectively unreasonable"); *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1483 (N.D. Ga. 1997) (denying attorney's fees even though "court found that the similarities between the works involved only non-copyrightable ideas and facts" because "the court cannot say that Plaintiffs' complaint and arguments were objectively unreasonable at the time the action was filed.") *with Coles v. Wonder*, 283 F.3d 798, 803–04 (6th Cir. 2002) (upholding district court's award of attorneys' fees to the defendant and affirming the conclusion that the plaintiffs' claims were objectively unreasonable because the legal issues were clear and no case law from any circuit supported the plaintiffs' position); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 792–95 (S.D. Tex. 2009) (Rosenthal, J.) (awarding attorney's fees to defendant because "there is an obvious and 'profound dissimilarity'" between the two works at issue). The Fifth Circuit has affirmed a

3

district court that embraced this distinction. *See Creations Unlimited, Inc. v. McCain*, 889 F. Supp. 952 (S.D. Miss. 1995) (concluding that the "Plaintiff's challenge to Defendant's designs, though ultimately not successful, was neither frivolous nor objectively unreasonable" and declining to award the defendant attorney's fees) *aff'd*, 112 F.3d 814 (5th Cir. 1997); *see also Womack+Hampton Architects, L.L.C. v. Metric Holdings Ltd. P'ship*, 102 F. App'x 374, 383 (5th Cir. 2004) (affirming district court's denial of attorney's fees because, among other reasons, the district court concluded that the claims were not frivolous).

Applying these principles, the Court finds that Guzman's claim was neither patently frivolous nor objectively unreasonable. The critical fact dispute at trial was whether a $75 check mailed to Guzman by Hacienda with the notation "For rights to song 'Dos Horas de Vida'" constituted an assignment of copyright in that song. If it did, then an essential element of Guzman's infringement claim—ownership of the copyright—would fail. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (stating that a prima facie infringement case requires the plaintiff to show that "(1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original").

First, the Court notes that with respect to this issue, Guzman survived a defense motion for summary judgment. *See* Docket Entry No. 61 at 7 ("Because the four words on the check do not evince a copyright transfer with the clarity that

4

section 204(a) requires, Hacienda is not entitled to summary judgment on this issue. Extrinsic evidence that demonstrates the parties' intentions may help resolve this issue at trial."). Thus, Hacienda's contention that attorney's fees are merited because "from the beginning, it was clear that this case was contrived without regard to the actual facts and the controlling law," *see* Docket Entry No. 108 at ¶ 19, is not true.

Second, both close factual and legal issues were raised at trial. Competing testimony supported both sides' allegations with respect to the check, and thus turned on a classic credibility determination by the jury. Guzman testified that he cashed the check believing it was for gas money that Roland Garcia, Sr. promised him as reimbursement for his travel to Corpus Christi. Meanwhile, Hacienda elicited testimony casting doubt on Guzman's account. The Court notes that it took the jury an entire afternoon to deliberate and reach a verdict after a relatively brief trial.

Moreover, even accepting Hacienda's version of the facts, an issue remained regarding whether the check was detailed enough to constitute a valid assignment of copyright (that is, "a meeting of the minds"). Guzman's expert, for instance, testified that assignments are typically much more detailed than the four-word check notation here, specifying which rights are being assigned, for how long, and how artist compensation will be structured.

In short, two of the main considerations in the Court's attorney's fees calculus—whether the claim was frivolous or objectively unreasonable—counsel against awarding attorney's fees. So do the remaining *Fogerty* factors. The evidence does not suggest that Guzman brought this suit in bad faith nor does the record show any "direct evidence of an improper motive," *see Randolph*, 634 F. Supp. 2d 795, to support a bad faith finding. Hacienda maintains that an award of attorney's fees "is necessary to deter further frivolous and unreasonable claims by a vexatious party and counsel," *see* Docket Entry No. 108 at ¶ 25, observing that "[t]his is the second lawsuit filed by Plaintiff against Hacienda" and "[e]ven though the first lawsuit lacked merit, Plaintiff blindly prosecuted this matter to a jury verdict." *See* id. at ¶ 24. Hacienda also notes that plaintiff's counsel has brought other lawsuits against it. With respect to Mr. Guzman, it is true that he lost his first copyright infringement case against Hacienda after a three-day bench trial in this Court. *See Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6:12-cv-42 (S.D. Tex. Jan. 29, 2015) (Docket Entry No. 138). But, there too, Guzman's claims survived a defense motion for summary judgment. *See id.* at Docket Entry No. 97. As for plaintiff's counsel, the Court does not understand why other lawsuits he has brought should affect the decision whether to require this plaintiff to pay fees. The Court also notes that plaintiff's counsel did prevail on one infringement claim in a bench trial against Hacienda. *See Tempest Pub.,*

6

*Inc. v. Hacienda Records & Recording Studio, Inc*, 2015 WL 1246644, at *1 (S.D. Tex. Mar. 18, 2015). Hacienda's deterrence argument is therefore unpersuasive. *See Collins*, 2013 WL 2896822, at *6 ("The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." (quoting *Matthew Bender & Co. v. West Pub'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001)).

Hacienda also seeks costs in the amount of $20,990.09 pursuant to Federal Rule of Civil Procedure 54, 17 U.S.C. § 505, 28 U.S.C. § 1920, and 28 U.S.C. § 1927.[2] Because section 505 specifically applies to copyright cases, it controls the Court's analysis. *See Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("[A]ny award of fees and non-taxable costs must come through [section 505], and not through the general cost provisions of 28 U.S.C. § 1920."). Guzman lodges no specific objection to Hacienda's costs, and the Court concludes that "full costs" should be awarded. *See Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6:12-cv-42 (S.D. Tex. Aug. 18, 2015) (Docket Entry No. 161 at 4) (surveying case law and concluding that section 505 "compels the

---

[2] 28 U.S.C. § 1927 permits a court to require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Although Hacienda briefly mentions section 1927, it identifies no fees "reasonably incurred because of [unreasonable and vexatious] conduct," *see* 28 U.S.C. § 1927. The argument is therefore forfeited. *See Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 751 (S.D. Tex. 2003) (Atlas, J.) ("The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." (internal citations omitted)).

Court to tax costs for a number of items in this case, such as the expense of producing demonstratives, that would not be awarded under the general costs statute").

Defendants' application (Docket Entry No. 108) is **DENIED** with respect to the Application for Attorney's Fees and **GRANTED** with respect to the Application for Costs. The Court **ORDERS** that Guzman pay Defendants $20,990.09 as costs.

**SIGNED** this 9th day of September, 2015.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.